# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL J. HORVATH,<br>7243 Kousa Lane<br>Springfield, VA 22152,<br><br>               Plaintiff,<br><br>v.<br><br>UNITED STATES SECRET SERVICE,<br>245 Murray Lane, SW, Building T5<br>Washington, D.C. 20223,<br><br>               Defendant. | )<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Michael J. Horvath, brings this action against Defendant, United States Secret Service, to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Michael Horvath ("Plaintiff"), a citizen of the United States, is currently employed as a special agent with the United States Secret Service and assigned to the Presidential Protective Detail based in Washington, D.C.

4. Defendant United States Secret Service ("Defendant"), an agency of the United States Government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f), is headquartered at 950 H Street, NW, Washington, D.C. 20223. Defendant's Freedom of Information Act & Privacy

Program Office ("FOIA Office") is headquartered at 245 Murray Lane, SW, Building T-5, Washington, D.C.  Defendant has possession, custody and/or control of the records to which Plaintiff seeks access.

## FACTUAL ALLEGATIONS

5. On June 10, 2016, Plaintiff filed a class action lawsuit in the United States Court of Federal Claims, Case No. 1:16-cv-00688-LKG, seeking overtime and related compensation on behalf of himself and other similarly situated special agents of the Defendant.

6. Shortly thereafter, while assigned to Defendant's Los Angeles Field Office ("LAFO"), Plaintiff was subjected to retaliation for the filing of the class action lawsuit.

7. By letter dated September 30, 2016, Plaintiff requested that the Office of Integrity refer the retaliatory conduct to the Office of Inspection ("OIS") to determine whether agency policy or federal law had been violated.

8. In response, by letter dated October 20, 2016, Defendant advised that the matter was under consideration by the Department of Homeland Security, Office of Inspector General ("OIG"), for possible investigation.  Plaintiff was further advised that in the event the OIG declined to accept the matter, a fact finding inquiry would be conducted the by Defendant.

9. By letter dated February 7, 2017, Plaintiff was notified that the OIG declined to accept the matter for investigation.

10. Defendant subsequently represented that it had conducted a fact-finding investigation and deemed the matter closed.  Plaintiff was not provided with any information regarding the findings of the investigation or whether a determination had been made with respect to his allegations of retaliation and workplace harassment.

11. In response, by letter dated April 7, 2017, Plaintiff requested records and information related to Defendant's fact-finding investigation, specifically any and all records associated with Defendant's Inspection Division investigation of allegations of retaliation against Plaintiff by management of the LAFO and form SSF 4093 pertaining to the above-referenced investigation.

12. In response, by letter dated April 18, 2017, Defendant advised Plaintiff that his request for additional information and documents regarding Defendant's investigation was forwarded to its FOIA Office.

13. On August 7, 2017, having heard nothing from the FOIA Office regarding the requested records, Plaintiff contacted Defendant's FOIA Office via email to request a status update.

14. On August 30, 2017, Defendant's FOIA Office acknowledged receipt of the FOIA request but demanded an authorization from Plaintiff to initiate the search and release of the records.

15. Plaintiff provided the requested authorization on September 1, 2017. Plaintiff's FOIA request was assigned File No. 20172176.

16. After a subsequent telephone call seeking status of his FOIA request, Defendant's FOIA Office informed Plaintiff that it had no record of receiving the aforementioned authorization. Plaintiff provided his authorization a second time on September 18, 2017.

17. By letter dated October 31, 2017, Defendant's FOIA Office advised Plaintiff that Defendant had conducted a reasonable search for responsive documents and that any responsive records had been forwarded to the FOIA Office for a disclosure determination.

18. Following several additional update requests by Plaintiff, by letter dated January 16, 2018, Defendant's FOIA Office advised Plaintiff that the responsive documents pertaining to

him were ready for initial processing. Defendant's FOIA Office further informed Plaintiff, without explanation, that it was conducting an additional document search.

19. Frustrated by the on-going delay with the fulfillment of his FOIA request, by email dated February 2, 2018, Plaintiff demanded to be provided an estimated date of completion, pursuant to the requirements of 5 U.S.C. § 552(a)(7). Plaintiff received no response to his request.

20. By letter dated March 21, 2018, Plaintiff again made a written demand for an estimated date by which Defendant's FOIA Office would provide the required response to his FOIA request. The following day, Plaintiff received an email response which indicated the FOIA request had been processed and was being reviewed. Despite Plaintiff's repeated requests, Defendant's FOIA Office continued to refuse to provide an estimated date of completion.

21. On April 4, 2018, roughly one year after Defendant forwarded Plaintiff's FOIA request to its FOIA Office, Plaintiff escalated his request by letter to the Office of Government Information Services ("OGIS"). OGIS confirmed receipt of Plaintiff's request for assistance by email dated April 17, 2018.

22. Plaintiff has received no further communication from Defendant's FOIA Office, or the OGIS, relative to his FOIA Request.

23. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with the request within twenty (20) working days and notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

24. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the

requested records or demonstrate that the requested records are lawfully exempt from production.

25. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), Plaintiff is deemed to have exhausted any and all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

### COUNT 1
### VIOLATION OF FOIA

26. Plaintiff repleads, realleges and incorporates by reference each and every allegation in paragraphs 1 through 25, above, as though fully set forth herein.

27. Defendant is an agency subject to FOIA.

28. Plaintiff has a statutory right under FOIA to the records he requested from Defendant, and there is no legal basis for Defendant's failure to disclose them.

29. Defendant's non-responsiveness and withholding of the records requested amounts to the refusal to produce them.

30. Defendant has failed to provide access to or copies of records responsive to Plaintiff's request, in violation of FOIA.

31. Plaintiff is deemed to have exhausted any and all administrative remedies with respect to his request.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

1. Order Defendant to immediately disclose, in their entirety, all records responsive to Plaintiff's request;

2. Issue a declaration that Plaintiff is entitled to disclosure of the requested records;

3. Issue a declaration that Plaintiff is entitled to a fee waiver;

4. Award Plaintiff reasonable attorney's fees and costs incurred in this action, pursuant to 5 U.S.C. §552(a)(4)(E); and

5. Grant such other relief as the Court may deem just and proper.

Dated: September 20, 2018.

        Respectfully Submitted:

        **CLARK HILL PLC**

        By: /s/ Jane C. Luxton, ESQ_____
        JANE C. LUXTON, ESQ
        Washington, DC Bar No: 243964
        1001 Pennsylvania Ave. NW
        Suite 1300 South
        Washington, DC 20004
        Telephone:  (202) 572-8674
        Facsimile:   (202) 772-0923
        Attorneys for Plaintiff Michael J. Horvath